Harry S. Stern, SBN 176854
**RAINS LUCIA STERN, PC**
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Telephone: 925.609.1699
Facsimile: 925.609.1690
Email: hstern@rlslawyers.com

Attorneys for Defendant
Reynaldo Vargas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>IAN FURMINGER, EDMOND ROBLES AND REYNALDO VARGAS,<br><br>Defendants. | CASE NO. CR-14-00102 CRB<br><br>**DEFENDANT REYNALDO VARGAS'S SENTENCING MEMORANDUM**<br><br>DATE: MAY 20, 2015<br>TIME: 10:00 A.M.<br>COURTROOM 6, 17TH FLOOR<br>HONORABLE CHARLES R. BREYER |

## I. INTRODUCTION

Defendant Reynaldo ("Rey") Vargas appears before the Court for sentencing. The Government charged Vargas and two colleagues in the San Francisco Police Department with a number of felonies arising out of their work as plainclothes officers. On October 21, 2014, Vargas pled guilty to Counts One, Two, Four and Five of the original indictment.[1] Rey Vargas also agreed to cooperate with the Government by testifying against his former co-workers, Ian Furminger and Ed Robles.

/ / / /

/ / / /

---

[1] His co-defendants were subsequently acquitted of what had been Count One in the original indictment: conspiracy to distribute a controlled substance. Thus, Vargas stands as the sole conspirator, in essence.

1

## II. THE GUIDELINE SENTENCE

The United States Probation Office completed a comprehensive presentence report ("PSR"). The Advisory United States Sentencing Guideline as calculated by the Probation Office in this case is total offense level 15, criminal history category I. Thus, the Guideline sentence range is 21-24 months. The Government has not objected to this calculation.

The PSR recommends that Vargas be sentenced to 21 months in prison. This suggestion does not take into account the Government's USSG §5K1.1 filing.

Probation also recommends that a $20,000 fine be imposed. The PSR acknowledges that Vargas has a "negative monthly cash flow" but avers that he is the co-owner of a condominium at 1644 Tucker Street, Unit 77, Oakland, California, and therefore has sufficient assets to pay a fine. However, Vargas respectfully submits that the PSR is in error. Vargas lost this property to foreclosure in 2012. See property report attached hereto as Exhibit A.

## III. RELEVANT FACTS FOR THE COURT TO CONSIDER ABOUT REY VARGAS

Defendant respectfully requests that the Court give significant weight to the steps he has taken to make amends for his crimes. There is no question that Vargas's misdeeds were serious. Yet, he has embarked on a journey toward rehabilitation and personal redemption.

Rey Vargas's upbringing was difficult as set forth in somewhat excruciating detail by his mother. See PSR. He served with the San Francisco Police Department for approximately 13 years. His service was generally good, absent the time period of his criminality. In fact, the Department commended him and he was chosen for specialized duty.

A. Rey Vargas has Completely Accepted Responsibility

Vargas's path to possible redemption began with his plea. Addressing the Court, unprompted, Vargas said that:

> **THE DEFENDANT:** I would just like to say, Your Honor, that for a period of time in my life, I was bluntly an idiot and made some very poor, poor decisions. And my appearance here today is my attempt to both acknowledge those decisions and accept responsibility for them.

**THE COURT:** Well, I appreciate your remarks.

**THE DEFENDANT:** And what I'd like to do also is apologize to the San Francisco Police Department because I've sullied their reputation, and I'd like to apologize to the City and County of San Francisco because I've betrayed their trust, and I'd also like to apologize for my former coworkers that were put in the horrible position of having to testify against one of their friends.

Vargas went on to fulfill his obligation to the Government and gave testimony against his former colleagues.

Vargas made a written statement to Probation, unequivocally admitting his crimes:

> I would like to state freely and completely, that I accept total responsibility for all of the offenses that were described both in the trial and in my statements. I did commit these offenses. I abused my position as a police officer and was fully under the belief that my position would help me escape responsibility for the crimes that I did commit. I further abused my position as a police officer by committing the offenses against subjects that were under investigation for committing crimes and thought that because of their criminal involvement, I would not be held responsible for my offenses.

B. <u>Vargas has Strived to be a Productive Citizen</u>

Since leaving the Police Department, Vargas has immersed himself in his studies. His goal is to become a physician's assistance or medical technician in a specialty. His grades have been outstanding. Yet, Vargas's status as a felon may preclude him from entering the medical field. Vargas respectfully requests that the Court take this factor into consideration: Vargas, of course, can no longer work as a police officer and is likely barred from many professions that would otherwise be open to someone with his native ability and work ethic. Certainly, the inability to work in one's chosen field is a form of punishment.

As Vargas states,

> In the last few years I have been trying to make a new life for myself. I have accepted that I will never work in law enforcement and have begun to take college courses in the hopes of seeking a new career in the medical field. I've even

earned an Associate of Arts degree. I now know that my convictions may in fact bar me from being licensed in my chosen field. This is very disheartening for me. But I know that if I am to try and be the man I am trying to become, I must admit all my wrongs of the past, and accept responsibility for my actions. I must also accept any punishment that is rendered onto me. I have done wrong and I should be punished for that. I also know that I am not the same person now that I was then when I committed my offenses. I know that if I was placed in the same circumstances that I would not act the same way at all. I believe that I would not commit the crimes now that I did then. I feel that I have grown and matured in that respect. And I know also that for me to continue to grow into the man that I'm attempting to be now that I must deal with all of my past, which means this case.

## IV. THE GOVERNMENT'S §5K SUBMISSION

Vargas anticipates that the Government will submit a USSG §5K1.1 motion requesting that, in light of Rey Vargas's substantial cooperation, Probation's 21-month recommended sentence be reduced to 12 months.

Vargas does not quarrel with the Government's position. However, if the Court accepts the recommendation of a 12-month sentence, Vargas asks that he be sentenced to 12 months and one day. Vargas would thereby be eligible to receive "good time" credit to shorten the length of his actual time in custody.

## V. CONCLUSION

Rey Vargas tarnished his badge and the reputation of the San Francisco Police Department by stealing and engaging in other corrupt acts. He has admitted as much.

Vargas requests that the Court sentence him to a term that strikes the balance between punishment for what he has done prior to accepting responsibility and offering him a chance to continue with the great strides he has made to redeem himself. In the "positive column," Vargas has no prior criminal record, served as a police officer and thereby put himself at risk for the benefit of society, has fulfilled his obligation to the Government, thrown himself into

////

////

his studies, has articulately acknowledged his misconduct, and has the significant support of his family.

Dated: May 15, 2015

Respectfully submitted,

**RAINS LUCIA STERN, PC**

/s/ *Harry S. Stern*
Attorneys for Defendant
REYNALDO VARGAS

DEFENDANT REYNALDO VARGAS'S SENTENCING MEMORANDUM
CASE NO. CR-14-00102 CRB

## EXHIBIT A

Ref ID: 1

# Property Detail Report

For Property Located At:
**1644 TUCKER ST 77, OAKLAND, CA 94603-3880**


CoreLogic
RealQuest Professional

| Owner Information | |
|---|---|
| Owner Name: | ZHANG YAJING |
| Mailing Address: | 48450 CRAYCROFT CT, FREMONT CA 94539-7609 C004 |
| Vesting Codes: | MW // SE |

| Location Information | | | |
|---|---|---|---|
| Legal Description: | | | |
| County: | ALAMEDA, CA | APN: | 047-5596-194 |
| Census Tract / Block: | 4104.00 / 3 | Alternate APN: | |
| Township-Range-Sect: | | Subdivision: | |
| Legal Book/Page: | | Map Reference: | / |
| Legal Lot: | 44 | Tract #: | |
| Legal Block: | | School District: | OAKLAND |
| Market Area: | | School District Name: | |
| Neighbor Code: | | Munic/Township: | OAKLAND INCORP |

| Owner Transfer Information | | | |
|---|---|---|---|
| Recording/Sale Date: | 04/08/2014 / 03/10/2014 | Deed Type: | GRANT DEED |
| Sale Price: | | 1st Mtg Document #: | 85790 |
| Document #: | 85789 | | |

| Last Market Sale Information | | | |
|---|---|---|---|
| Recording/Sale Date: | 05/28/2003 / 05/20/2003 | 1st Mtg Amount/Type: | $280,386 / CONV |
| Sale Price: | $350,500 | 1st Mtg Int. Rate/Type: | 5.38 / ADJ |
| Sale Type: | FULL | 1st Mtg Document #: | 308033 |
| Document #: | 308032 | 2nd Mtg Amount/Type: | $70,097 / CONV |
| Deed Type: | GRANT DEED | 2nd Mtg Int. Rate/Type: | / ADJ |
| Transfer Document #: | | Price Per SqFt: | $241.72 |
| New Construction: | Y | Multi/Split Sale: | |
| Title Company: | CHICAGO TITLE CO. | | |
| Lender: | COUNTRYWIDE HM LNS INC | | |
| Seller Name: | SIGNATURE OF DURANT SQUARE LLC | | |

| Prior Sale Information | | | |
|---|---|---|---|
| Prior Rec/Sale Date: | / | Prior Lender: | |
| Prior Sale Price: | | Prior 1st Mtg Amt/Type: | / |
| Prior Doc Number: | | Prior 1st Mtg Rate/Type: | / |
| Prior Deed Type: | | | |

| Property Characteristics | | | | | | |
|---|---|---|---|---|---|---|
| Gross Area: | 1,450 | Parking Type: | GARAGE | Construction: | WOOD |
| Living Area: | 1,450 | Garage Area: | | Heat Type: | |
| Tot Adj Area: | | Garage Capacity: | 2 | Exterior wall: | |
| Above Grade: | | Parking Spaces: | 2 | Porch Type: | |
| Total Rooms: | 6 | Basement Area: | | Patio Type: | |
| Bedrooms: | 2 | Finish Bsmnt Area: | | Pool: | |
| Bath(F/H): | 2 / 1 | Basement Type: | | Air Cond: | |
| Year Built / Eff: | 2002 / 2002 | Roof Type: | | Style: | UNKNOWN |
| Fireplace: | / | Foundation: | | Quality: | GOOD |
| # of Stories: | 1.50 | Roof Material: | | Condition: | |
| Other Improvements: | | | | | |

| Site Information | | | | | |
|---|---|---|---|---|---|
| Zoning: | | Acres: | | County Use: | CONDOMINIUMS - SINGLE RESIDENT (7300) |
| Lot Area: | | Lot Width/Depth: | x | State Use: | |
| Land Use: | CONDOMINIUM | Res/Comm Units: | / | Water Type: | |
| Site Influence: | | | | Sewer Type: | |

| Tax Information | | | | | |
|---|---|---|---|---|---|
| Total Value: | $148,570 | Assessed Year: | 2014 | Property Tax: | $2,930.26 |
| Land Value: | $44,571 | Improved %: | 70% | Tax Area: | 17032 |
| Improvement Value: | $103,999 | Tax Year: | 2014 | Tax Exemption: | |
| Total Taxable Value: | $148,570 | | | | |